460

## E. & F. CONST. CO. v. UNITED STATES.
### No. 47700.

Court of Claims.
Feb. 2, 1948.

Herman J. Galloway, of Washington, D. C. (King & King, of Washington, D. C., on the brief), for plaintiff.

Francis X. Daly, of Boston, Mass., and Peyton Ford, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and MADDEN, HOWELL, WHITAKER and LITTLETON, Judges.

MADDEN, Judge.

The Government has demurred to the plaintiff's petition. We therefore summarize the allegations of the petition. On October 23, 1942, the plaintiff made a contract to construct certain housing units in Bridgeport and Stratford, Connecticut, for the Government, for $1,752,000. The contract provided that there should be a 40-hour, five-day week on the work, with penalty overtime for work in excess of eight hours a day or 40 hours a week; and that such penalty overtime could not be charged to the Government. On February 9, 1943, the President issued Executive Order No. 9301 declaring that for the duration of the war, manpower would not be considered effectively utilized if the minimum work week was less than 48 hours per week, and directing departments and agencies of the Federal Government to require their contractors to comply with the order and with policies, directives and regulations issued pursuant to it.

The Project Manager of the Federal Public Housing Authority, the Government agency which had made the contract with the plaintiff, on March 22, 1943, directed the plaintiff to work a 48-hour week after April 1, 1943. The plaintiff protested and requested a change order providing for reimbursement for the increased costs which would result from the 48-hour week. On June 11, 1943, the Regional Director of the Federal Public Housing Authority advised the plaintiff by letter that the Authority would consider claims for reimbursement for the increased costs if the plaintiff furnished certain information described in the letter and if the plaintiff would agree in writing to an amendment of its contract shortening the period of performance in proportion to the lengthening of the work week. The plaintiff furnished the prescribed information and agreed in writing to the shortening of the period of performance. The plaintiff had increased costs of $41,608.69, resulting from the lengthened work week. It filed its claim for these costs with the contracting officer, who denied the claim. It appealed to the head of the department, and, after denial by him, presented the claim to the General Accounting Office, where it was rejected.

The Government cites Clemmer Const. Co., Inc., v. United States, 71 F.Supp. 917, 108 Ct.Cl. 718, where we held that the President's Order here involved was a sovereign act which did not impose upon the Government, as a contractor, any duty to reimburse a person whose performance costs in his contract with the Government were increased by it. The plaintiff, at the oral argument, relied upon the case of C. B. Ross Co., Inc. v. United States, No. 46204, Ct.Cl., 74 F.Supp. 420, in which we held

that a contractor could recover his increased costs in such a situation, when the Government had agreed to reimburse him. In the Ross case the Government conceded that if such an agreement was proved, the Government would be bound by it.

In this case the plaintiff alleges an agreement which said, in words, that the Government would "consider" a claim for the increased costs if the plaintiff fulfilled certain conditions. The plaintiff asserts in its brief that the meaning of the words, in the circumstances, was that the Government would pay such a claim. That may well have been the meaning of the agreement. But we cannot determine that without evidence. The Government questions the authority of the Regional Director to make the agreement alleged to have been made. We think it is necessary to take the evidence in the case, in order to decide it.

The defendant's demurrer will be overruled. It is so ordered.

JONES, C. J., and HOWELL, WHITAKER and LITTLETON, JJ., concur.